Ryan Lee, Esq. 024846
Krohn & Moss, Ltd.
10635 Santa Monica Blvd., Suite 170
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com
Attorneys for Plaintiff
CATHY BOPP

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| CATHY BOPP, | Case No.: |
| Plaintiff, | **VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | **(Unlawful Debt Collection Practices)** |
| THUNDERBIRD COLLECTION SPECIALISTS, INC., | |
| Defendant. | |

**VERIFIED COMPLAINT**

CATHY BOPP (Plaintiff), by her attorneys, KROHN & MOSS, LTD., allege the following against THUNDERBIRD COLLECTION SPECIALISTS, INC., (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).  According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively

disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e)*.

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff's damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

5. Because Defendant maintains a business office and conducts business in the state of Arizona, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person residing in the Phoenix, Arizona, Maricopa County, and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Defendant national company with a business office located in Scottsdale, Arizona, Maricopa County.

10. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or

attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff at her place of employment seeking and demanding payment for an alleged consumer debt.

12. Defendant constantly and continuously places collection calls to Plaintiff from the number (480) 455-4520.

13. Defendant failed to properly identify itself as a debt collector and failed to mention that all information sought would be used for that purpose (see voicemails attached hereto as Exhibit "A").

14. Defendant failed in subsequent communication to Plaintiff that the communication was from a debt collector.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

15. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff.

    b. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls to Plaintiff without meaningful disclosure of the caller's identity because Defendant failed to state in its first message that it was a debt collector attempting to collect on a debt and that any information would be used for that purpose.

    c. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls to Plaintiff without meaningful disclosure of the caller's identity because Defendant failed to disclose is subsequent communications that the communication was from a debt collector.

    d. Defendant violated *§1692e* of the FDCPA by using false, deceptive, and

misleading representations and means in connection with the debt collection.

    e. Defendant violated *§1692e(11)* of the FDCPA failing to disclose in the initial communication that it was a debt collector attempting to collect on a debt and that any information obtained would be used for that purpose because Defendant failed to leave any such information in the message it left for Plaintiff on or about January 30, 2009.

    f. Defendant violated *§1692e(11)* of the FDCPA failing to disclose in subsequent communications that the communication was from a debt collector.

    g. Defendant violated *§1692f* of the FDCPA by engaging in unfair and unconscionable means to collect or attempt to collect the debt.

16. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit "B").

WHEREFORE, Plaintiff, CATHY BOPP, respectfully requests judgment be entered against Defendant, THUNDERBIRD COLLECTION SPECIALISTS, INC., for the following:

17. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

18. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

19. Actual damages,

20. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

21. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CATHY BOPP, demand a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED:  February 19, 2009             KROHN & MOSS, LTD.


                                      By:  /s/ Ryan Lee
                                           Ryan Lee
                                           Attorney for Plaintiff

COMPLAINT

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ARIZONA

Plaintiff, CATHY BOPP, state as follows:

1. I am the Plaintiff in this civil proceeding.
2. We have read the above-entitled civil Complaint prepared by our attorneys and we believe that all of the facts contained in it are true, to the best of our knowledge, information and belief formed after reasonable inquiry.
3. We believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. We believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. We have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit we have provided to our attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by our attorneys where appropriate, we have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, CATHY BOPP, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 2-18-09                                      _____
                                                                    CATHY BOPP

# **EXHIBIT A**

**Plaintiff is in possession of voicemails from Defendant and will produce upon request.**

# **EXHIBIT B**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

|    | Symptom | Answer |
|----|---------|--------|
| 1. | Sleeplessness | YES NO |
| 2. | Fear of answering the telephone | (YES) NO |
| 3. | Nervousness | (YES) NO |
| 4. | Fear of answering the door | YES NO |
| 5. | Embarrassment when speaking with family or friends | YES NO |
| 6. | Depressions (sad, anxious, or "empty" moods) | (YES) NO |
| 7. | Chest pains | YES NO |
| 8. | Feelings of hopelessness, pessimism | YES NO |
| 9. | Feelings of guilt, worthlessness, helplessness | YES NO |
| 10. | Appetite and/or weight loss or overeating and weight gain | YES NO |
| 11. | Thoughts of death, suicide or suicide attempts | YES NO |
| 12. | Restlessness or irritability | (YES) NO |
| 13. | Headache, nausea, chronic pain or fatigue | YES NO |
| 14. | Negative impact on my job | (YES) NO |
| 15. | Negative impact on my relationships | YES NO |

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _____

_____
_____
_____
_____
_____

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 2-18-09

Signed Name: [signature]

Printed Name: Cathy Bopp